## PEOPLE v. EATON.*

### Cr. No. 798; March 24, 1902.

#### 68 Pac. 583.

**Witness—Cross-examination.**—Where, on a **Prosecution for Rape,** the prosecuting witness had already testified that she had agreed to go with a certain party to the dance from which she was returning when the crime was committed, but that she did not intend to keep the engagement, and did not expect to meet him when she left her home that evening, there was no error in excluding further questions as to whether she had agreed to go to the dance with him, and whether she knew when she left her home that she was going to meet him.

**Witness—Cross-examination.**—Where, on a **Prosecution for Rape,** the prosecuting witness testified that defendant and his participants in the crime struck her "with the fist," and then described the injuries inflicted, in such a way as to show that the blows must have been powerful and solid, there was no error in excluding a question as to whether the blows were "powerful, solid blows with the fist."

**Witness—Annoying or Insulting Questions.**—Under Code of Civil Procedure, section 2044, providing that the court must exercise reasonable control over the examination of a witness, so as to make it as little annoying to the witness as possible, and section 2066, providing that it is the right of a witness to be protected from insulting questions, etc., where a witness testified to certain facts as seen by him, and it appeared from the testimony that the facts were not physically impossible, there was no error in refusing to allow the witness to be asked if he did not know that he was testifying to what was physically impossible.

---

*Rehearing denied April 23, 1902.

Witness—Control of Examination by Court.—Under Code of Civil Procedure, section 2044, providing that the court must exercise reasonable control over the mode of examination, where counsel made a statement to a witness that he was taking a great deal of interest in the case, and wanted to see defendant convicted, expecting witness to answer, there was no error in requiring the examination to be conducted by questions as to interest, instead of by such statements.

Witness—Interest in Case.—Where a Witness, Who had Participated, as a police officer, in the preparation of the case for the prosecution, testified that he was no more than ordinarily interested in the case, and as to experiments made by him, there was no error in excluding the question whether, in view of the experiments, he still testified that he had no more than ordinary interest in the case.

Criminal Law.—There was No Error in Instructing the Jury that the police officer was under no obligation to assist the defense of any of the parties to the crime by making any experiment.

Criminal Law—Reading Testimony to Jury.—Where, on a criminal prosecution, the testimony of a witness was read to the jury at their request, it was not error for the judge to have the last question re-read to him.

APPEAL from Superior Court, Alameda County; W. E. Greene, Judge.

William Eaton was convicted of rape and he appeals. Affirmed.

A. L. Frick and Frederick C. Clift for appellant; Tirey L. Ford, attorney general, and C. N. Post, deputy attorney general, for the people.

SMITH, C.—The defendant was convicted of the crime of rape, and sentenced to imprisonment in the state prison for the term of forty-five years. Objections are made to certain rulings of the court in the exclusion of testimony and in an instruction to the jury, but none of them, we think, are tenable. We subjoin the several questions excluded, with the instruction objected to, adding such comments as may be necessary.

1. The following questions were asked of the prosecuting witness: "You had the night before agreed to meet Bert Chattel, and attend the Portuguese celebration with him? That is so, is it not? You knew when you left your home,

upon the night of the 2d of June, that you were going to
meet Bert Chattel? That is a fact, is it not?'' These ques-
tions referred to a dance which the witness had attended
in company with Chattel on the night of the crime, and
from which she was returning when the crime was com-
mitted; and she had just testified that she had ''agreed to
go with Bert Chattel, but . . . . did not intend to keep
[her] engagement''; and that ''when [she] left the house
upon the evening [in question she] did not expect to meet''
him. Both questions had thus been already answered, and
the repetition of her testimony on this point could have been
of no advantage to the defendant. Nor was there any error
in refusing to permit it: *Davis v. Baugh,* 59 Cal. 568.

2. The witness was also asked the following question,
which was excluded by the court: ''Those blows were pow-
erful, solid blows with the fist? Isn't that true?'' But
the witness had just testified that she had been struck by
the defendant and his participants in the crime ''with the
fist,'' and she had also described the injuries thereby in-
flicted, from which it appeared, better than by any number
of adjectives, that they were ''powerful, solid blows.''
There was no error, therefore, in excluding the question.

3. The following question to the witness Anderson was ex-
cluded: ''You know you are testifying to what was physically
impossible? Isn't that so, sir?'' The witness had just testi-
fied to certain facts as actually seen by him. From this it
sufficiently appeared that what he had seen was not physi-
cally impossible, and the question was therefore, in effect,
whether the witness did not know that he had testified
falsely. The court, therefore, was quite right in excluding
it: Code Civ. Proc., secs. 2044, 2066.

4. The witness was also asked or informed as follows:
''You have taken a great deal of interest in this case, and
want to see this defendant convicted?'' To which the court
said, ''That is not a question,'' but added: ''You may ask
him as to his interest.'' This was, in effect, simply to re-
quire of the counsel to put his assertion in the form of a
question, which was not an unreasonable requirement'':
Code Civ. Proc., sec. 2044.

5. The following question was asked of the witness Ham-
merton, and excluded: ''Do you still testify, in view of your

action with reference to making this experiment, that you have no more interest in these cases, including the one upon trial, than you have in cases which ordinarily come under your observation as a police officer?" The witness to whom the question was addressed had, as a police officer, participated in the preparation of the case for the prosecution, and had testified to an experiment made by him, at the request of the attorney of one of the parties to the crime, with a view of proving the physical impossibility of facts testified to by the witness Anderson. But the witness had already testified that he was no more than ordinarily interested in the case, which was the material fact. Nor was there anything in the circumstance referred to in the question tending to show that he was wrong, or requiring him to say whether or not he was still of the same opinion. Nor was it error in the court, in response to the claim of the counsel to the contrary, to inform the jury "that [the] officer was under no obligation to assist the defense in the Keating case, or in this case in making any experiment."

6. After the case was submitted, the testimony of the witness Smart was read to the jury by the reporter at their request; and upon the completion of the reading, "without any request from any one of the jurors, and without asking the defendant's or his attorney's consent thereto, the court, of its own motion, said to the reporter: 'What is that last question? Read it again' "—and the question and answer were accordingly read. It is now objected that this was error. But if so, there was no objection made or exception taken, and on that account the error, if any, cannot be reviewed. We do not, however, see any impropriety in the judge having re-read to him matter that had escaped his ear.

We advise that the judgment and order appealed from be affirmed.

We concur: Gray, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.