ARKANSAS CENTRAL RAILROAD COMPANY. v. CRAIG.

Opinion delivered July 1, 1905.

WITNESSES—RIGHT OF JUDGE TO EXAMINE.—A trial judge has the right to propound such questions to witnesses as may be necessary to elicit pertinent facts; but this must be done in a reasonable and impartial way, so as not to indicate his opinion of the facts.

Appeal from Logan Circuit Court, Northern District.

JEPTHA H. EVANS, Judge.

Affirmed.

*Oscar L. Miles* and *Lovick P. Miles,* for appellant.

The court erred in propounding questions to the witness, and in aiding counsel for appellee to try their cause, in that such questions indicated to the jury the court's opinion of the facts. 51 Ark. 154, 157; 80 N. Car. 483; 1 Whart. Ev. § 496; 60 Ark. 429; 24 Mich. 244. The court also erred in its rulings upon the evidence and instructions.

*Robert J. White,* for appellee.

There was no abuse of the trial judge's powers and discretion, in the questions propounded by him to the witnesses. 4 S. W. 934; 65 S. W. 445; 68 S. W. 564; 83 S. W. 1093; 81 S. W. 908; 30 L. R. A. 730; 57 L. R. A. 878.

RIDDICK, J.   This is an appeal from a judgment against a railroad company in favor of the plaintiff for damages for killing his horse. We do not find any error in the admission of evidence or in the instructions, and are of the opinion that the evidence is sufficient to support the judgment.   Counsel for appellant contends with much force that the judgment should be reversed because the presiding judge during the trial propounded questions to the witnesses for plaintiff and defendant.   The contention is not that these questions were improper, had they been propounded by counsel for plaintiff; but the contention is made that, by propounding a number of questions, the judge thereby assumed the role of attorney, and in that way indicated to the jury his opinion of the evidence, and prejudiced the rights of the defendant.   It is true that a judge, under our law, should neither directly nor indirectly indicate to the jury his opinion of the facts in the case, when the same are in dispute, and when the jury are to determine what the facts are.   Our Constitution forbids this, and such conduct on the part of a trial judge would be ground for reversal; but we cannot concur in the contention that it is impossible for a judge to propound questions, when counsel objects, without indicating his opinion of the facts to the jury. In a recent and very able work on the Law of Evidence, the author says :* "One of the natural parts of the judicial function, in its orthodox and sound recognition, is the judge's power and duty to put to the witnesses such additional questions as seem to him desirable to elicit the truth more fully.   This just exercise of his function was never doubted at common law; the judge could even call a new witness of his own motion, and could seek evidence to inform himself judicially; much more could he ask additional questions of a witness already called but imperfectly examined.   Fortunately," he says, "the tradition of the common law has never been lost; the right of the judge to interrogate as he thinks best has always been preserved in theory.   It has, however, been necessary more frequently to maintain and vindicate it and to resist encroachment upon it."   1 Wigmore on Evidence, § 784.   "A circuit judge presiding at a trial," said the Supreme Court of Indiana, "is not a mere moderator between contending parties; he is a sworn officer, charged with grave public duties.

In order to establish justice and maintain truth and prevent wrong, he has a large discretion in the application of rules of practice." The court held that there was. nothing wrong in the judge "asking the witness any question, the answer to which would likely throw any light upon his testimony." *Huffman* v. *Cauble,* 86 Ind. 591.

It seems to be the general rule, well supported by the decided cases, that the trial judge has the right to propound such questions to witnesses as may be necessary in order to elicit pertinent facts, in order that the truth may be established. Of course, this must be done in a reasonable and impartial way, so as not to indicate his opinion of the facts, and thereby prejudice the rights of the parties. Counsel say that it is "impossible for a lawyer worthy of the name" to propound questions to witnesses in a case without indicating an interest in the result of the trial, and he contends that therefore a judge cannot do so. But a lawyer is usually, in fact, interested in the success of his client. If he were not, he would indeed be hardly worthy of the name. Men who have strong feelings in favor of one side are apt to manifest such feelings by their conduct, but a judge worthy of the name should be interested only in establishing the truth. His questions should be propounded, not to support the case of either litigant, but with the sole desire to elicit and bring out the truth, that justice may prevail. Having, in fact, no feeling for or against either party, it should not be difficult for him to refrain from exhibiting such feeling. It is the primary duty of the parties to bring out their own evidence. It is not usually necessary that the judge should propound many questions to witnesses, and for the judge to take the case out of the hands of counsel, and take the lead in the examination of witnesses might at times be improper and prejudicial. But it would be a reproach to the law if he were required to sit still in either a civil or criminal trial, and see justice defeated through the failure of counsel to ask a witness a pertinent question. *Sharp* v. *State,* 51 Ark. 154; *South Covington & Cinn. St. Ry. Co.* v. *Stroh,* 57 L. R. A. 875, and note. We have carefully read the bill of exceptions in this case, and see nothing in the questions propounded by the judge calculated to prejudice the rights of the defendant.

Judgment affirmed.