THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL S. ABRAMS, Plaintiff in Error.

*Opinion filed April 19, 1911.*

1. APPEALS AND ERRORS—*defendant must object and except to improper conduct of court.* If the trial court, in a criminal case, is guilty of any impropriety or propounds any improper questions to a witness, the defendant, if he desires to rely upon such action as ground for reversal, must preserve the matter in the record by proper objection and exception.

2. CRIMINAL LAW—*conviction will not necessarily be reversed because witnesses disagree on some matter.* A judgment convicting the defendant of committing the crime against nature upon the person of the younger one of two girls he had with him will not be reversed because the witnesses who discovered him testified that he was then maltreating the elder girl and ran away as soon as he saw them, whereas the girls testified that the defendant maltreated both of them, the elder one first, where, considering the testimony as a whole, his guilt is apparent.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

A. L. GETTYS, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and W. EDGAR SAMPSON, (FREDERICK BURNHAM, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

The plaintiff in error was convicted of the crime against nature in the criminal court of Cook county and sentenced to the penitentiary. He was charged with having commit-

ted the crime on the person of a little girl eleven years of age. No objection was made on the trial on the part of plaintiff in error to the introduction of any evidence, and no exceptions were taken to the giving or refusing of instructions. The only grounds relied upon for reversal are, that the trial court erred in propounding two questions, one to the plaintiff in error when he was upon the stand and one to a witness for plaintiff in error, and that the verdict is contrary to the evidence.

The plaintiff in error attempted to show that at the time the offense was committed he was very much intoxicated. During the progress of his examination the court asked him the following question: "Do I understand you to say that you were not so drunk that you did not know what you were doing, and that you remembered that you were not in the weeds with the girls and you did not do to them what they say?" No objection was interposed to this question, and the plaintiff in error responded that he was perfectly able to know all that had passed and that he had not been in the weeds with the little girls. After the question had been answered, counsel for plaintiff in error excepted to the action of the court in propounding the question. In the light of plaintiff in error's testimony as to his condition of intoxication on the day in question we are unable to perceive any impropriety in the question put by the court.

The offense was claimed to have been committed in some tall weeds in a vacant lot near Fifty-third place, in the city of Chicago, in the rear of the dwelling occupied by Emil Pfeifer, on the evening of September 12, 1909. A family by the name of Bergmeister resided at 2120 West Fifty-fourth street at that time, and from the back porch of their dwelling an unobstructed view could be had of the place where this offense was alleged to have been committed. Mrs. Bergmeister testified that she remembered sitting on her back porch with her husband at the time it was claimed the offense was committed, and that they could

easily see the rear of Mr. Pfeifer's house and the lot in the rear of his house, and that she did not observe any of the occurrences testified to by the witnesses for the People. The court thereupon asked her, "Did you see the comet?" No objection was interposed to this question, and the witness replied that she did not. Thereupon counsel for the plaintiff in error excepted to what he designated as "the remarks of the court." This question was improper, and although the record discloses that it was asked laughingly of the witness and was no doubt meant as a mere pleasantry, had an objection been interposed to the question it should have been, and no doubt would have been, sustained. As no objection was interposed to either of the questions complained of, and no ruling of the court procured thereon, there is nothing preserved for review in that regard. If the trial court is guilty of any impropriety or propounds any improper questions to a witness, the defendant must, by objection and exception, properly preserve the same in the record if he desires to insist upon the same as ground for reversal. *Hall* v. *First Nat. Bank of Emporia,* 133 Ill. 234; *Chicago City Railway Co.* v. *Carroll,* 206 id. 318.

The testimony on the part of the People was to the effect that on Sunday afternoon, September 12, 1909, plaintiff in error seized two little girls, aged eleven and thirteen years, respectively, on the sidewalk on Fifty-third street and forcibly took them with him a short distance to the lot in the rear of the Pfeifer home, near Fifty-third place, and secreted them there in the tall weeds, where he committed the acts complained of upon the persons of both of the children. The younger of these two girls was the one named in the indictment as the person upon whom the crime was alleged to have been committed. Just before the plaintiff in error came along the sidewalk where he met the two little girls, the girls had been playing on the sidewalk with another girl about their own age who lived in that vicinity. Their games had been finished and the two girls were just

on the point of leaving for their homes. Their little companion noticed them going off in company with this man, and when she arrived at her home she informed her brother, Nicholas Goodt, of the fact that her two playmates had gone off with a strange man. He immediately started out to see if he could find them. As he was going along the weed patch in the rear of the Pfeifer home he met Mr. Pfeifer, who testified that he had observed plaintiff in error in company with the two little girls and had also started out to find them. Pfeifer had passed by the weed patch, and not having seen the girls was returning when he met Goodt. Something in the weeds attracted their attention, and they both testified that upon investigation they discovered the plaintiff in error in the act of maltreating the person of the elder of the two girls, who was lying upon the ground; that the younger girl was standing up beside them, and that when plaintiff in error saw the two men he jumped to his feet, spoke to them, and immediately ran away. The girls both testified upon the trial that when plaintiff in error first accosted them he had offered to give them money with which to buy some roller skates and also money to enable them to take a street car ride, and asked them to go with him. Upon their refusal he seized each of them by an arm and took them up the sidewalk to the weed patch. They both testified that they made outcries while he was taking them along the sidewalk and during the whole of the time that he detained them in the weeds, and that while in the weeds he continued to hold both of them, and while so holding them he committed the acts complained of, first upon the person of the elder girl and next upon the person of the younger.

Plaintiff in error, in support of his contention that the verdict is against the weight of the evidence, relies upon the fact that both Pfeifer and Goodt testified that they heard no outcry at any time when they were in the vicinity of the weed patch, although they discovered plaintiff in error and

the two girls within fifty or sixty feet of the sidewalk; that these witnesses testified that when they discovered plaintiff in error he was engaged in the act of maltreating the person of the elder girl and they did not see him commit any offense upon the younger girl, whereas both the girls testified that he first mistreated the elder girl and then the younger; and upon the fact that Mr. and Mrs. Bergmeister each testified that they were sitting on their back porch at the time the offense was claimed to have been committed and that they saw no one in the vicinity, although their view of these premises was unobstructed. Plaintiff in error himself successfully contradicts the testimony of the Bergmeisters, for he admitted that he had been in the weed patch and that Pfeifer and Goodt had discovered him there, although he denied that the girls were with him. He corroborated Pfeifer and Goodt and the girls, however, that he ran away as soon as he was discovered. There is some contradiction between the testimony of the two girls and that of Pfeifer and Goodt as to which child was first mistreated by the plaintiff in error, assuming that the acts complained of were committed on the person of the younger child, but when the whole testimony is considered these contradictions become unimportant. Both the girls testified positively that the offense was committed upon each of them. Plaintiff in error denies that he was with the girls at all, but the evidence is uncontradicted that he ran away as soon as he was discovered in the weeds by Pfeifer and Goodt and was captured while attempting to escape. Considering the testimony as a whole, the guilt of the plaintiff in error is apparent, and it is impossible to conceive that the jury could have arrived at any other conclusion. The verdict was abundantly sustained by the testimony, and the judgment of the criminal court will be affirmed.

*Judgment affirmed.*