STATE, RESPONDENT, *v.* McCONVILLE, APPELLANT.

(No. 5,071.)

(Submitted September 12, 1922. Decided September 25, 1922.)

[209 Pac. 987.]

*Criminal Law—Rape—Cross-examination—Evidence—Harmless Error—Examination of Witnesses by Trial Judge—Instructions—Trial—Technical Errors.*

Rape—Cross-examination of Witnesses—Latitude Permissible.
    1.   While in a prosecution for rape the widest latitude compatible with well-settled principles of the law of evidence should be allowed on the cross-examination of witnesses, yet where the prosecutrix had on her cross-examination several times answered questions as to her age, *etc.*, exclusion of further questions on the same subjects was not reversible error.

Same—Witnesses—*Animus*—Exclusion of Testimony—When Harmless.
    2.   Where the testimony of a witness offered for the purpose of showing *animus* toward the defendant had been stricken out, but immediately thereafter another witness was permitted to answer the same question, the striking of the testimony in the first instance, if error, was harmless.

Same—Evidence—*Res Inter Alios Acta*—Proper Exclusion.
    3.   Testimony sought to be elicited from the father of prosecutrix on his cross-examination as to whether, in a consultation with the prosecuting attorney and sheriff when the apprehension of defendant was discussed, he had not stated, "What do I get out of this?" related to *res inter alios* and was therefore properly excluded.

[64 Mont. 302.]

Same—Witnesses—Impeachment on Collateral Matters.
4. A witness cannot be impeached by contradicting him on collateral matters.

Same—Circumstantial Evidence—Refusal of Instruction—When Proper.
5. In refusing an instruction on the subject of circumstantial evidence the court did not err where the state did not rely entirely or at all upon such evidence for conviction.

Same—Examination of Witnesses by Trial Judge—When Permissible.
6. While the examination of witnesses is primarily the appropriate function of the attorneys in an action, whether civil or criminal, the trial judge may propound questions to them for the purpose of eliciting fully and clearly pertinent facts within their knowledge not brought out by counsel or made clear by the witnesses.

Same—Appeal—Technical Errors Insufficient for Reversal of Judgment.
7. Under section 12125, Revised Codes of 1921, the supreme court on appeal in a criminal cause must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the defendant.

*Appeals from District Court, Carbon County, in the Thirteenth Judicial District; Frank P. Leiper, Judge of the Seventh District, presiding.*

James McConville was convicted of rape, and he appeals from the judgment and order denying new trial. Judgment and order affirmed.

*Messrs. Shea & Wiggenhorn,* for Appellant, submitted a brief; *Mr. R. G. Wiggenhorn* argued the cause orally.

We recognize the right of the court to control and direct, within proper limits, the examination and cross-examination of witnesses. But, in the present case, by his unusual and unreasonable extended examination of witnesses, we feel that the court exceeded all bounds of propriety. The proper attitude of a trial judge is vigorously stated in *People* v. *Soeder,* 150 Cal. 12, 87 Pac. 1016, at page 1019, as follows: "Under our system, the trial judge is vigorously prohibited from action or words having the effect of truth or falsity of any evidence. The determination of questions of fact must be made by the jury free from the influence that knowledge of the trial judge's views thereon might have." (See, also, *State*

6. Power of court to call and examine witnesses, see notes in 6 **Ann. Cas.** 477; 57 **L. R. A.** 875; **L. R. A.** 1916A, 1191.

v. *Spiers,* 103 Iowa, 111, 73 N. W. 343; *State v. Hazlett,* 14 N. D. 490, 105 N. W. 617; *People* v. *Bernstein,* 250 Ill. 63, 95 N. E. 50; *People v. McMullen,* 300 Ill. 383, 133 N. E. 328.)

A federal judge is given much wider latitude in examination of witnesses, and in the control of the trial of the case, than is given trial judges in state courts. But in order to show that even in federal courts a judge must refrain from influencing the jury by his remarks and by his examination of witnesses, we cite *Adler* v. *United States,* 182 Fed. 464, 467, 104 C. C. A. 608. In order to show that the foregoing authorities are approved in the latest ruling, we call the court's attention to *People* v. *Caldwell* (Cal. App.), 203 Pac. 440. This case is in point, as it is an appeal from a prosecution for the same nature of crime as the case in question. In the *Caldwell Case,* above, the court by sustaining objections to the questions asked by defendant's counsel virtually blocked the defense and likewise made comments which the appellate court held to be error.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. Foot* argued the cause orally.

That the trial court not only has the right, but that it is his duty, to question witnesses whenever, in his opinion, the facts have not been brought out by the respective counsel, needs no argument. As is well said in 28 Ruling Case Law, 587, section 180: "Indeed, it would be a reproach to the law if he were compelled to sit still in either a civil or criminal trial, and see justice defeated through the failure of counsel to ask a witness a pertinent question." (See, also, *Dutton* v. *Territory,* 13 Ariz. 7, 108 Pac. 224; *Gillis* v. *Bowman,* 132 Ga. 762, 64 S. E. 1096; *Hart* v. *State,* 14 Ga. App. 364, 80 S. E. 909.) The only restriction placed upon this right and duty of the trial court is that he must not exercise the right in such a manner as to jeopardize the rights of either the defendant or the state before the jury. (*State v. Haab,* 105 La. 230, 29 South. 725; *Elsworth* v. *State,* 52 Tex. Cr. 1, 104

[64 Mont. 302.]

S. W. 903; *First State Bank* v. *Hare* (Tex. Civ.), 152 S. W. 501; *Edwards* v. *Seattle R. & S. Ry. Co.,* 62 Wash. 77, 113 Pac. 562; *People* v. *Szafcsur,* 161 Cal. 636, 119 Pac. 1083.) It is not error for the court to develop testimony by his own examination which might have been brought out by counsel but was not, when the evidence so elicited was entirely competent. (*Hill* v. *Horpey,* 49 Pa. Super. Ct. 286.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

James McConville was convicted of the crime of rape and has appealed from the judgment and from an order denying him a new trial.

The only errors assigned relate to (1) the exclusion of certain evidence, (2) the refusal to give instructions requested by the defendant, and (3) the alleged misconduct of the presiding judge.

1. Upon direct examination the prosecuting witness testified [1] to her age—that she was under eighteen—at the time the alleged offense was committed. On cross-examination she stated that she could not remember how old she was when she first entered school; could not say whether she had reached her seventh birthday. She was asked: "You do not know, then, whether you were under or over seven years when you entered school?" To which she replied: "No, sir." The following question was then propounded: "Do you know whether you had reached your seventh birthday?" To this an objection was sustained.

In response to another question upon cross-examination, the same witness explained fully why she continued to repose confidence in the defendant and to meet him clandestinely after she became aware that he was courting another young woman. She was then asked whether she had any other explanation to offer, but upon objection she was not permitted to answer.

This court has announced the rule repeatedly that the widest latitude, compatible with well-settled principles of the law of evidence, should be allowed in cross-examination; but

no court has ever stamped with approval the theory that even in a criminal case of this character, no limit can be set upon the cross-examination of the prosecuting witness, save only such as is dictated by the whim or caprice of the examining counsel.

Speaking strictly, the alleged errors now under review do not raise the question of undue restriction of cross-examination. There is not any complaint made that defendant's counsel were not permitted to interrogate the witness as to any facts stated in her direct examination or connected therewith; on the contrary, they did examine her at great length upon every proper subject. Reduced to its simplest terms, the complaint amounts to nothing more than this: that they were not permitted to have the same questions answered over and over again. In this form the bare statement of the proposition is its own refutation. The court did not err in its rulings. (*People* v. *Eaton*, 6 Cal. Unrep. 906, 68 Pac. 583.)

Section 10661, Revised Codes of 1921, provides: "The court must exercise a reasonable control over the mode of interrogation, so as to make it as rapid, as distinct, as little annoying to the witness, and as effective for the extraction of the truth as may be; but, subject to this rule, the parties may put such pertinent and legal questions as they see fit. The court, however, may stop the production of further evidence upon a particular point when the evidence upon it is already so full as to preclude reasonable doubt."

Upon the cross-examination of Edwin Gregory, a witness for [2] the state, counsel for defendant directed attention to a meeting on October 18, 1920, in the office of H. A. Simmons, the then county attorney, at which meeting Gregory, Simmons and George Heddington, the sheriff, were present discussing the escape of the defendant and the inability of the officers to apprehend him. Gregory was asked whether upon that occasion he had not inquired: "What do I get out of this?" In response to an objection, counsel for defendant stated that the purpose was to lay the foundation for impeachment, and thereupon the witness answered that he had not made any such

inquiry. In presenting defendant's case, Mr. Simmons was called as a witness and asked whether Gregory had made the inquiry at the time and place and in the presence of the persons mentioned, and answered in the affirmative, but upon motion the answer was stricken, and error is predicated upon the ruling. The record discloses that immediately thereafter Heddington was called to the stand and asked the same question which had been propounded to Simmons and was permitted to answer, upon the assurance of counsel for defendant, that the purpose then was to show the *animus* of Gregory and his motive, and Heddington answered that Gregory had made the inquiry indicated above.

Gregory is not a party to this action, though he is the [3, 4] father of the prosecuting witness. If he made the inquiry attributed to him, it was clearly *res inter alios*. (*State v. McDevitt*, 69 Iowa, 549, 29 N. W. 459; *State v. Knock*, 142 Mo. 515, 44 S. W. 235.)

It is elementary that a party may not cross-examine an adversary witness upon irrelevant subjects, merely for the purpose of eliciting something at which to direct contrary evidence. A witness cannot be impeached by contradicting him upon collateral matters. (*People v. Dye*, 75 Cal. 112, 16 Pac. 537; *People v. Tiley*, 84 Cal. 651, 24 Pac. 290.) It is now insisted by counsel for defendant in their brief that the evidence was competent as reflecting upon the *animus* of Gregory or the motive which prompted him in giving his testimony, but it suffices to say that it was not offered for that purpose while the witness Simmons was upon the stand, and that, when that purpose was made manifest, the evidence was permitted to be and was introduced and was before the jury for whatever it was worth.

In view of these facts, defendant cannot be heard to say that he has suffered injuriously to the rulings of the court.

2. Defendant tendered four instructions which were refused. The entire subject matter of his offered instructions 2, 8 and 10 was covered fully by instructions given by the court. [5] Proposed instruction No. 3 was inappropriate, since the

state did not rely entirely or at all upon circumstantial evidence to secure a conviction. (*State* v. *Francis,* 58 Mont. 659, 194 Pac. 304.)

3. During the progress of the trial, the presiding judge interrogated several witnesses, some of them quite extensively, and by doing so he is now charged with misconduct which prejudiced the substantial rights of the defendant.

It does not require the argument of counsel or the citation of authorities to convince this court that the examination of witnesses is, primarily, the appropriate function of the attorneys engaged in the trial of a lawsuit, whether the action be civil or criminal, and that the instances are rare and the occasions exceptional which justify the presiding judge in conducting any extended examination; but, notwithstanding all this, there are limitations beyond which the rule does not extend. The presiding judge is not a mere figurehead or umpire at the trial. It is his province to see that justice is done. His right, even his duty, to examine witnesses for the purpose of eliciting fully and clearly pertinent facts within their knowledge, and not brought out by counsel or not made clear by the witnesses, cannot be gainsaid. "It would be a reproach to the law if he were required to sit still in either a civil or criminal trial, and see justice defeated through the failure of counsel to ask a witness a pertinent question." (*Arkansas Cent. R. R. Co.* v. *Craig,* 76 Ark. 258, 6 Ann. Cas. 476, 88 S. W. 878.)

The general rule is stated in the notes in 6 Ann. Cas. 477, as follows: "It is well settled that the presiding judge at the trial of a civil or criminal case may in his discretion propound to a witness on the stand proper and pertinent questions for the purpose of eliciting and fully revealing the truth, clearing up parts of the witness' testimony which are obscure, or facilitating the progress of the trial by bringing the witness more directly to the matter."

To review separately every question propounded by the judge would extend this opinion to an unreasonable length and accomplish no useful purpose. We content ourselves by

saying that we have examined the record in its entirety and fail to discover any instances in which the judge required a witness to respond to a question which might not have been asked properly by counsel for either party. Under these circumstances, we are unwilling to say that the court so far abused its discretion as to require a reversal of this judgment. [7] The policy of our law is declared in section 12125, Revised Codes of 1921. After hearing an appeal in a criminal case, it is the duty of this court to "give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.