STATE, RESPONDENT, *v.* RICHARDSON, APPELLANT.

(No. 5,374.)

(Submitted January 7, 1924. Decided January 16, 1924.)

[222 Pac. 418.]

*Criminal Law—Rape—Insanity—Evidence — Inadmissibility— Trial—Witnesses—Examination by Trial Judge—Review on Appeal—Exceptions.*

Rape—Insanity—Evidence—Insufficiency.

1. In a prosecution for rape in which the defense was insanity, evidence *held* sufficient to warrant the jury in concluding beyond a reasonable doubt that defendant had the mental capacity to entertain a criminal intent, that he knew it was wrong to commit the act, was mentally able to refrain from committing it, and was therefore accountable criminally for its commission.

Same—Sexual Intercourse by Prosecutrix With Others—Evidence—When Inadmissible.

2. Where prosecutrix was under the age of consent at the time of an alleged rape upon her, she may not be interrogated on cross-examination whether anyone other than defendant ever had sexual intercourse with her.

Trial—Cross-examination—When Improper.

3. Cross-examination upon any matter not connected directly or indirectly with facts stated by the witness on direct examination is not permissible.

Same—Examination of Witnesses by Trial Judge—When Proper—When Improper.

4. While the examination of witnesses is primarily the appropriate function of counsel, and the instances are rare and the occasions exceptional which justify the presiding judge in conducting an extended examination, he may do so for the purpose of eliciting the truth, clearing up an obscurity, or relieving a witness who through confusion is creating an impression manifestly contrary to what he intends; the right, however, should be exercised with great care, never unduly extended, and the questions put should not betray his bias or prejudice, nor carry to the jury the impression that he has made up his mind as to the facts inquired about or the merits of the case.

Same—Improper Examination of Witnesses by Trial Judge—Objection and Exception Necessary for Review on Appeal.

5. Error of the trial court in improperly propounding questions to a witness is not reviewable on appeal unless objection was made and an exception properly preserved in the record.

---

4. Power of court to examine witness, see notes in 6 **Ann. Cas.** 477; 57 **L. R. A.** 878; **L. R. A.** 1916A, 1192.

[69 Mont. 400.]
*Appeal from District Court, Golden Valley County; Geo. A. Horkan, Judge.*

OLAF RICHARDSON was convicted of rape, and appeals from the judgment. Affirmed.

*Mr. Carl N. Thompson,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for the State, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

From a judgment of conviction for the crime of rape alleged to have been perpetrated by him upon a fourteen year old girl, the defendant appeals.

1. Defendant's counsel asserts the verdict is not supported by the evidence. Without entering upon what would prove a useless discussion it will suffice to say that the evidence if believed by the jury was sufficient to warrant the conclusion that the defendant accomplished an act of sexual intercourse with the prosecutrix. Commission of the act was not denied by the defendant, who did not testify at all. His counsel, in an effort to save him from the consequences of his act, sought to relieve him of blame by showing his insanity. Some of the witnesses thought defendant a monomaniac on the subject of gold, hidden treasure. Others thought of him as "a little queer," "odd in his ways." "not perfectly sound mentally," "pretty childish on some subjects," "not mentally as strong as most men," and the like. He did not seem to appreciate the enormity of the offense with which he was charged; treated the subject lightly. A physician gave his opinion that the defendant was "absolutely insane." On the other hand, testimony tended to show that the defendant talked as an ordinary man

does upon general subjects of conversation; he attended church, kept a bank account and paid his bills, was able to read and write—in fact, read a great deal. He worked at repairing automobiles and helped in threshing. He understood with what crime he was charged when the warrant of arrest was read to him, procured the services of an attorney, expressed a desire to plead guilty and pay a fine, wanted to fix it up with the mother of the girl, suggested what was tantamount to bribing the county attorney, suggested that the easiest way out was to marry the girl. Or, as the Attorney General suggests, the defendant was able to read, write, count, figure, reason, drive and repair automobiles, contract and pay bills, and converse upon the ordinary topics of conversation, plan and scheme diverse ways of extricating himself from the predicament resulting from the commission of his act, and his memory was good.

The instructions are not criticised. Upon a consideration of all the evidence in the light of the instructions the jury was **[1]** warranted in concluding beyond a reasonable doubt that the defendant had the mental power to entertain a criminal intent, that he knew it was wrong to commit the act and was mentally able to refrain from committing it. He was therefore accountable criminally for the act committed. (*State* v. *Keerl,* 29 Mont. 508, 101 Am. St. Rep. 579, 75 Pac. 362.)

2. While prosecutrix was under cross-examination counsel for **[2, 3]** defendant put to her the direct question whether anybody else ever had carnal knowledge of her. Objection to the question being sustained, error is assigned. The question was before this court in a somewhat different phase in *State* v. *Richardson,* 63 Mont. 322, 207 Pac. 124, and the court held correctly that where the prosecutrix is under the age of consent, as is the case here, any question as to previous acts upon her part with another than the defendant may not be inquired into. Furthermore, the question was not touched upon in the direct examination of the witness. The attempted cross-examination was not connected, directly or indirectly, with the

facts stated by her upon her direct examination. Indubitably the court's ruling was correct.

3. The main contention on the part of defendant's counsel is based upon specification No. 7, which is: "The court erred in assuming the functions of a prosecuting attorney and showing the jury his belief that the defendant was guilty." We do not stop to consider the insufficiency of the foregoing as a specification of error.

The actions of the court of which counsel complains consisted [4] of cross-examination of a number of defendant's witnesses by the court. Notwithstanding that the examination of witnesses is primarily the appropriate function of the attorneys engaged in the trial of a lawsuit, and the instances are rare and the occasions exceptional which justify the presiding judge in conducting any extended examination, as this court observed in *State* v. *McConville*, 64 Mont. 302, 209 Pac. 987, the presiding judge "is not a mere figurehead or umpire at the trial. It is his province to see that justice is done." And as is said in that case, it is the right, even the duty, of the judge to examine witnesses for the purpose of eliciting the truth. He may propound such questions as he may deem necessary to bring out relevant and material evidence whether it benefits one party or the other. (*Sparks* v. *State*, 59 Ala. 82.) He may ask a question to clear up an obscurity. He may do so to relieve a witness who through confusion is creating an impression which manifestly is contrary to what the witness intends. He may ask a question overlooked by counsel having an important bearing upon the controversy. But the right should be exercised with great care, never unduly extended, and the questions put should not betray bias or prejudice nor carry to the jury the impression that the judge has made up his mind as to the facts inquired about or the merits of the case. The questions must be framed to make clear that which is not clear. (*Komp* v. *State.* 129 Wis. 20, 108 N. W. 46; *Arkansas Central R. R. Co.* v. *Craig*, 76 Ark. 258, 6 Ann. Cas. 476, 88 S. W. 878.) The judge should avoid officious inter-

ference. A defendant cannot have a fair and impartial trial where the judge by words or conduct impresses upon the jury his belief in the defendant's guilt. (*State* v. *Fisher*, 23 Mont. 540, 59 Pac. 919; *People* v. *Kindleberger*, 100 Cal. 367, 34 Pac. 852.)

"The purposes and modes of thought of the advocate and the judge are different and no person can successfully enact the dual role of prosecutor and judge. They are inconsistent." (*People* v. *Judycki*, 302 Ill. 143, 134 N. E. 134.) A defendant is entitled to the rigid neutrality of an impartial judge.

But in the instant case, even if the court did indulge unwarrantably in the cross-examination complained of, the defendant waived his right to be heard in this court upon the subject. The only objection made against the court's interrogations is included in specification of error No. 2, and the action of the court in that particular was not erroneous. Counsel may not sit by and permit the court to examine witnesses without objection and then assign such action as error.

If upon a trial the court is guilty of an impropriety by propounding an improper question to a witness, the defendant must, by objecting and excepting, properly preserve the error in the record, if he intends to insist upon the same as ground for reversal. (*People* v. *Abrams*, 249 Ill. 619, 94 N. E. 985; *People* v. *Bishop*, 134 Cal. 682, 66 Pac. 976.)

The judgment is affirmed.

*Affirmed*

ASSOCIATE JUSTICES HOLLOWAY, STARK and GALEN concur.

MR. JUSTICE COOPER, being absent, did not hear the argument and takes no part in the foregoing decision.