No. 12748

IN THE SUPREME COURT OF THE STATE OF MONTANA

RICKY HOLLAND, a minor, by his Guardian
ad litem, CORAL HOLLAND,

                    Plaintiff and Respondent,

    -vs-

RALPH BIGGS, CALVIN BIGGS, and DENNIS
BIGGS,

                    Defendants and Appellants.


Appeal from:    District Court of Eighteenth Judicial District,
                Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Morrow, Nash and Sedivy, Bozeman, Montana
        James H. Morrow argued and Edmund P. Sedivy
          argued, Bozeman, Montana

    For Respondent:

        Landoe and Gary, Bozeman, Montana
        Joseph B. Gary argued, Bozeman, Montana


                            Submitted: Jan 9, 1975

                            Decided: FEB 26 1975

Filed:

_Thomas J. Kearney_
                            Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In an action for damages for assault, the jury returned a verdict for plaintiff in the amount of $7,600 and judgment was entered thereon. Defendants appeal from the judgment and denial of their motions for a new trial, for judgment notwithstanding the verdict, and for alteration of the judgment.

Plaintiff is Ricky Holland, age 17 at the time of the alleged assault. Defendants are Ralph Biggs, age 70, the owner of the farm land on which the alleged assault occurred; and his two sons, Dennis, age 23, and Calvin, age 22.

On October 22, 1972, plaintiff was hunting in the hills north of Belgrade, Montana, with two companions, Roger Brandenburger, age 17, and Randy Simonson, age 18. That morning the boys had secured permission from a rancher to hunt on his property but, either deliberately or inadvertently, they had entered lands owned by defendant Ralph Biggs. The boys split up to hunt, with Brandenburger and Simonson hunting the lower ground and plaintiff Holland hunting higher up.

Defendants first encountered Brandenburger and Simonson, ordering them off the property. In spite of the boys' apologies, defendant Ralph Biggs allegedly harassed them and ultimately struck Simonson with his cane or a "club", according to different versions of the incident. As Brandenburger and Simonson left the Biggs property, defendants went in search of plaintiff Holland and found him.

The events which followed are the basis of this suit. Plaintiff claimed he was attacked and beaten by defendants, without warning or provocation. Defendants contended plaintiff threatened defendant Ralph Biggs with a pistol when a request was made for him to leave Biggs' property. According to defendants, Dennis Biggs lightly backhanded plaintiff when he saw his father threatened by plaintiff's drawn pistol.

- 2 -

In December 1972, plaintiff, through his mother as guardian ad litem, filed suit in the district court, Gallatin County. The cause came on for trial in January 1974 and the jury returned a verdict awarding: $200 compensatory damages against each defendant; $5,000 punitive damages against defendant Ralph Biggs; $1,000 punitive damages against defendant Calvin Biggs; and $1,000 punitive damages against defendant Dennis Biggs. All three defendants appeal from the judgment entered on this verdict and from denial of their post-trial motions for relief from the judgment.

Two issues are presented on appeal:

(1) Was the admission of testimony concerning previous assaults reversible error?

(2) Was the damage award excessive?

The first issue involves two alleged prior assaults: (1) the alleged assault on Randy Simonson a few minutes prior to the incident forming the basis of the present suit, and (2) an alleged assault by defendant Ralph Biggs on another hunter, Lester Covey, in the fall of 1960.

Immediately prior to trial, defendants made this motion:

"The Defendants herein move this Court in limine, to order the Plaintiff to refrain from alluding to or asking questions about [the alleged Simonson assault], or any other incident involving an allegation of assault or battery, allegedly committed by one or all of the Defendants upon any other person prior to the date of the alleged incident herein * * *." (Bracketed words paraphrased.)

The district court denied the motion as to the alleged Simonson assault, but granted it as to any other alleged assault. Admissibility for impeachment purposes was reserved for later ruling at the trial.

The district court's ruling admitting evidence of the alleged Simonson assault was correct. The evidence was admissible

- 3 -

to show the sequence of events leading up to the assault sued upon; to show defendants' state of mind upon encountering plaintiff Holland; and as evidence of malice supporting an award of punitive damages for the alleged assault on plaintiff.

As a general rule, evidence of prior assaults is inadmissible in a trial of a civil action for assault. Gunderson v. Brewster, 154 Mont. 405, 466 P.2d 589; 6 Am Jur 2d, Assault and Battery §217 and cases cited therein. A recognized exception to this rule, applicable in the instant case, is expressed in the Annotation, 66 ALR2d 806, 826:

> "When to omit such evidence would impair the jury's understanding of the circumstances surrounding the assault sued upon, evidence of similar assaults or acts upon other persons has generally been held admissible by the courts treating the question."

Here, the events involving the alleged assault on Simonson explain the circumstances surrounding the alleged assault on plaintiff. More particularly they explain the frame of mind of defendants immediately prior to the alleged assault on plaintiff. The circumstances also furnish evidence of malice supporting an award of punitive damages, another recognized exception to the general rule of inadmissibility. Annotation 66 ALR2d 806, 816; 1 Jones on Evidence, 6th Ed. §4:12.

The prior assault by defendant Ralph Biggs on hunter Lester Covey was admitted under different circumstances. During plaintiff's case-in-chief, plaintiff's witness Roger Brandenburger testified that defendant Ralph Biggs, in the course of his threats to Brandenburger and Simonson preceding the alleged Simonson assault, made the following statement:

> "He walked up to Randy, and said that he ought to beat us within an inch of our lives, because he said -- well, he said a guy had trespassed before, and he pointed up the hill, and he said 'I beat a guy within an inch of his life one time'".

- 4 -

Thereafter in defendants' case-in-chief, defendant Calvin Biggs on direct examination by defense counsel denied that the statement concerning beating a prior trespasser had been made by anyone. On cross-examination by plaintiff's counsel he reaffirmed this denial. Calvin was then asked by plaintiff's counsel:

"Have you or your father ever beat the hell out of anybody else?"

Defendants' counsel objected that this was incompetent, irrelevant and immaterial, but his objection was overruled. Calvin then answered "No".

These questions and answers followed:

"Q. Has your father? A. No.

"Q. Ever? A. No.

"Q. You know that for a fact? A. Yes".

In rebuttal, plaintiff called Lester Covey as a witness. He testified that he had been the victim of a beating at the hands of Ralph Biggs and his hired man in the fall of 1960. This alleged assault occurred when hunters were discovered on Biggs' property without his permission. Defendants made strenuous and lengthy objection to the admission of this testimony, but the district court permitted its introduction, apparently as impeachment testimony.

We hold the district court erred in permitting the initial question to Calvin Biggs concerning whether he or his father had ever beaten the hell out of anybody else. This question is irrelevant to the assault on plaintiff. It does not impeach Calvin, the witness. It does not prove whether Ralph Biggs made the statement to Brandenburger or Simonson. It is simply an effort to impeach the statement of defendant Ralph Biggs on a collateral matter during cross-examination.

- 5 -

The reason for the rule prohibiting cross-examination of a witness on collateral matters has been stated in 4 Jones on Evidence, 6th Ed., §25:8, pp. 131, 132:

> "Any other rule would lead to the trial of innumerable side issues and distract the attention of the jury from the real questions being tried; and witnesses would be subjected to the unjust necessity of being able to produce evidence to corroborate their statements on these collateral matters. The test for determining whether a matter is relevant on cross-examination has been said to be: Would the cross-examining party be entitled to prove it as a part of his case in chief?"

These Montana cases support the rule that a witness cannot be impeached by contradicting him on collateral matters: State v. McConville, 64 Mont. 302, 209 P. 987; State v. Deeds, 126 Mont. 38, 243 P.2d 314.

Having thus erred in permitting the initial question and answer, the error was compounded by permitting plaintiff on rebuttal to introduce testimony through Lester Covey contradicting defendant Calvin Biggs' response to the improper question. Evidence by way of impeachment is improper on a point not properly in evidence. Garrison v. Trowbridge, 119 Mont. 505, 177 P.2d 464; State v. Mott, 72 Mont. 306, 233 P. 602. Here the trial got far afield of the issues in the case by becoming entangled in an alleged assault that occurred 12 years before the assault sued upon.

The prejudicial effect of this inadmissible testimony is obvious. Accordingly, its admission constitutes reversible error.

This holding renders consideration of the issue of excessive damages unnecessary.

The judgment is vacated and the cause is remanded to the district court for a new trial.

_____
Justice

- 6 -

We concur:

---------------------------------------
Chief Justice

_____
*Gene B. Daly*

_____
*Wesley Castles*

_____
*John Conway Harrison*
Justices