No. 01-592

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 3N

IN THE MATTER OF INQUIRY INTO

K.M.G. and J.G., Jr.,

Youths in Need of Care.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Hill,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl White, Attorney at Law, Havre, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Mark W. Mattioli,

Assistant Attorney General, Helena, Montana

David G. Rice, Hill County Attorney, Havre, Montana

Submitted on Briefs: January 3, 2002
Decided: January 15, 2002

Filed:

_____

Clerk


Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 In this case, the Montana Department of Public Health and Human Services (Department) petitioned to terminate the parental rights of both of the natural parents of minor children K.M.G. and J.G., Jr. (the children). The Twelfth Judicial District Court, Hill County, held a hearing at which witnesses testified, including an expert witness for purposes of the Indian Child Welfare Act (ICWA), and documentary evidence was received. Thereafter, the District Court entered its Findings of Fact and Conclusions of Law and, subsequently, its Judgment and Order terminating the parental rights of both parents and awarding permanent legal custody of the children to the Department with the right to consent to adoption. The natural mother (Mother) appeals, and we affirm.

¶3 The issue on appeal is whether the District Court erred by telling the ICWA expert witness what testimony was needed to support the Department's petition for termination of parental rights.

¶4 Unlike most cases involving the termination of parental rights, Mother does not challenge the findings of fact or conclusions of law on which the District Court based its judgment terminating her parental rights. Mother's sole contention is that the District Court violated Rule 605, M.R.Evid., which precludes a presiding judge from testifying at trial as a witness and provides that "[n]o objection need be made in order to preserve the point."

¶5 During the hearing, the Department called Janel Pliley, a Department social worker in Hill County, as a witness. At the beginning of her testimony, Pliley testified regarding her education and experience involving Native Americans and Native American children.

Counsel for the father made a continuing objection to Pliley offering any expert testimony for purposes of the ICWA. Toward the end of her lengthy testimony, Pliley was asked if she had an opinion as to whether the continued custody of the children by the Mother was likely to result in serious emotional or physical damage to the children, testimony on which is required by the ICWA. Mother's counsel joined in an objection by counsel for the father to Pliley's ability to give such an opinion, based on lack of foundation. The District Court overruled the objection and Mother has abandoned that issue on appeal. No other objection was made regarding Pliley's testimony.

¶6 Instead, Mother contends, in essence, that certain remarks by the District Court regarding necessary findings under the ICWA constituted testimony by the court in violation of Rule 605, M.R.Evid., and that, under Rule 605, no objection was required to preserve the issue for appeal. She also apparently asserts that questions by the court, generally allowed under Rule 614(b), M.R.Evid., showed bias or prejudice by telling Pliley what her testimony needed to be in order for the court to grant the petition for termination of parental rights.

¶7 Mother is correct that, if the District Court did testify, no objection was required to preserve the issue for appeal. The transcript contains the following remarks by the District Court with regard to Mother's contention:

> THE COURT: Well, I know this may be hypertechnical, because I've listened to all of this testimony from this witness, but the Indian Child Welfare Act, and I cannot remember the exact section, requires that opinion by qualified expert that continuation in the home will seriously impair the mental or physical well-being of the children. Anybody said that? Does anybody want to ask that question?
>
> . . .
>
> THE COURT: I have to find beyond a reasonable doubt based on the opinion of a qualified expert that continuation in the home of the parent will seriously impair the mental or -- I may not have the exact words, but that's that section. Has anybody got that act?

Immediately thereafter, the County Attorney quoted the exact wording of 25 U.S.C. § 1912 (f). He stated he thought he had asked the question impliedly, and then proceeded to ask Pliley directly if she had an opinion. At that point, counsel made the objection based on

lack of foundation, which was overruled, and the District Court inquired, "Do you have such an opinion?"

¶8 We conclude that the District Court's statements about the ICWA and its requirements do not constitute testimony in violation of Rule 605, M.R.Evid., for which no objection is required. They were legitimate inquiries about the exacting requirements of the ICWA and whether required testimony had been given. The court's later direct inquiry to Pliley as to whether she had such an opinion is permitted under Rule 614(b), M.R.Evid., which specifically permits a court to interrogate witnesses.

¶9 Mother relies on the portion of Rule 614(b), M.R.Evid., and *State v. Richardson* (1924), 69 Mont. 400, 403, 222 P. 418, 419, which state that questioning by the court must be cautiously guarded and exercised with great care so as not to constitute express or implied comment, bias or prejudice. She ignores, however, the fact that Rule 614(c), M.R. Evid.--unlike Rule 605--requires an objection to interrogation by the court. No such objection having been made, Mother did not preserve this issue for appeal and we decline to address it further.

¶10 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE